**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah Ulloa and Daniel Luciano, h/w, | No. CV 07-1567-PHX-SMM |
| Plaintiffs, | **ORDER** |
| vs. | |
| John E. Potter, Postmaster General, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Leave to Amend and Withdrawal Without Prejudice of Partial Summary Judgment Motion. (Dkt. 36, Pl.'s Mot. to Am.)[1] Defendant opposes Plaintiff's motion on grounds that the proposed amendment is futile. Having considered the arguments, the Court issues the following order.

## BACKGROUND

**A. Factual History**

In her First Amended Complaint, Deborah Ulloa ("Plaintiff") alleges the following facts. In August 1983, Plaintiff began employment at the United States Postmaster General's ("Defendant") General Mail Facility in Phoenix, Arizona. (Dkt. 14, First Am.

---

[1] For purposes of the docket report Dkt. 36 is the pending motion. Due to filing errors, the proposed second amended complaint is lodged at Dkt. 37.

1  Compl. ("FAC") ¶ 7.)  In December 1988, Plaintiff filed an administrative complaint with
2  the Equal Employment Opportunity Commission ("EEOC") based on sexual harassment
3  and sexual discrimination.  (FAC ¶ 9.)  On November 12, 1996, the EEOC issued a
4  decision that Plaintiff had been subjected to a "severe and pervasive, hostile working
5  environment [and] sexual harassment."  (FAC ¶ 19.)  This decision was rejected on
6  review, but subsequently upheld on appeal.  (FAC ¶ 20-21.)  After Defendant's non-
7  compliance with EEOC's decision and order for Defendant to "provide [Ms. Ulloa]
8  backpay and other compensation," Plaintiff issued a Petition for Enforcement in March
9  2001 and another one in January 2003.  (FAC ¶ 21-23.)  EEOC accepted both petitions
10 and Defendant refused to comply with both orders to issue backpay.  (*Id.*)
11         In August 2005, Plaintiff learned that Defendant had terminated her employment
12 retroactive to August 21, 1993.  (FAC ¶ 27.)  Although Plaintiff's employment is subject
13 to a Collective Bargaining Agreement, she received no notice or hearing regarding her
14 termination.  (FAC ¶ 25.)  In September 2005, Plaintiff filed a Petition for Enforcement to
15 the EEOC challenging the retroactive termination by the Defendant and was rejected.
16 (FAC ¶ 29.)  In April 2006, Plaintiff made a second Petition to the EEOC that was
17 rejected on or about May 18, 2007 with the notification that Plaintiff has "the right to file
18 a civil action in an appropriate United States District Court within ninety (90) calendar
19 days from the date" of decision receipt.  (FAC ¶ 30-31.)
20         **B. Procedural History**
21         Plaintiff filed her original Complaint (Dkt. 1, Compl.) on August 14, 2007, and a
22 First Amended Complaint (Dkt. 14, FAC) on September 19, 2007.  On March 3, 2008,
23 Defendant sought dismissal on grounds of lack of subject matter jurisdiction and failure
24 to state a claim.  (Dkt. 26, Def.'s Mot. to Dismiss.)  On April 2, 2008, Plaintiff responded
25 to Defendant's motion to dismiss and filed a motion for partial summary judgment.  (Dkt.
26 27, Pl.'s Mot. for Summ. J. & Resp.)  Defendant replied to Plaintiff's response.  (Dkt.
27 30.)
28

Plaintiff now seeks leave to amend the FAC and withdraw without prejudice her motion for partial summary judgment. (Pl.'s Mot. to Am. at 1.) Plaintiff's lodged second amended complaint withdraws Daniel Luciano as a plaintiff and omits Count V for loss of consortium. Plaintiff also seeks to withdraw claims of money damages in Count III and IV and assert these as equitable claims only. (*Id.*) Defendant opposes the amendment on grounds of futility. (Dkt. 41, Def.'s Resp. at 1.) The motion to amend is fully briefed and ripe for decision. (Dkt. 42, Pl.'s Reply.)

## STANDARD OF REVIEW

Plaintiff has the right to amend its complaint once "as a matter of course" any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). A motion to dismiss is not a "responsive pleading" within the meaning of Rule 15, and neither the filing nor granting of such a motion before the answer terminates the right to amend. Fed. R. Civ. P. 7(a); *Doe v. U.S.*, 58 F.3d 494, 497-498 (1995). Except for amendments made "of course" or pursuant to stipulation, leave of court is required to amend a pleading. Fed. R. Civ. P. 15(a). The rules require that leave to amend should be freely granted "when justice so requires." *Id*.

The Supreme Court has identified four relevant factors in determining whether a leave to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). A proposed amendment is "futile" only if no set of facts can be proven under the amendment which would constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209 (9th Cir. 1988). "Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Howey v. U.S.*, 481 F.2d 1187, 1190-91 (9th Cir. 1973). When exercising its discretion to deny leave to amend, "a court must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

**DISCUSSION**

Defendant argues that Plaintiff's proposed Second Amended Complaint is futile because it would be subject to a motion to dismiss for failure to state a claim. (Def.'s Resp. at 2.) Specifically, Defendant argues that 1) Title VII precludes constitutional claims, 2) Plaintiff has no property interest in her employment position necessary to trigger due process claims, and 3) Title VII precludes Declaratory Judgment Act claims. (Def.'s Resp. at 2-4.)[2]

**A. Title VII Does Not Preclude Constitutional Claims**

The Supreme Court has held that Title VII of the Civil Rights Act of 1964, as amended, provides the exclusive remedy for federal employment discrimination. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976). However, the Ninth Circuit has emphasized that "Title VII does not preclude separate remedies for unconstitutional action *other than discrimination* . . . ." *White v. Gen. Servs. Admin.*, 652 F.2d 913, 917 (9th Cir. 1981) (emphasis added).

In *Nolan v. Cleland*, the Ninth Circuit faced the possibility foreshadowed in *White* of a plaintiff bringing a cause of action for violation of constitutional due process rights alongside a Title VII discriminatory claim. *Nolan v. Cleland*, 686 F.2d 806, 814 (9th Cir. 1982). The Ninth Circuit affirmed the district court's dismissal on summary judgment of Nolan's constitutional claim on the grounds that the "factual predicate for Nolan's due process claim is the discrimination which is the basis of her Title VII claim." *Nolan*, 686 F.2d at 815. *Nolan* stands for the proposition that when the "factual predicate" of a due process claim is the same as the Title VII claim, the holding of *Brown* controls, and only a Title VII claim remains. *Id.*

---

[2]In addition, Defendant suggests that Plaintiff's case law does not support an entitlement to equitable relief claims. (Def.'s Response at 3.) However, Defendant provides no case law that Plaintiff may not bring equitable relief claims. Defendant's conclusory allegation is insufficient to defeat a motion to amend.

- 4 -

1    Defendant's argument for opposing Plaintiff's motion to amend is that "Title VII
2 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, is the exclusive
3 remedy available to federal employees alleging claims for discrimination and retaliation."
4 (Def.'s Resp. at 2)[3]  However, *White* and *Nolan* make clear that federal employees may
5 raise separate constitutional claims alongside Title VII discriminatory claims so long as
6 the claims do not arise from the same "factual predicate." *Nolan*, 686 F.2d at 815; *White*,
7 652 F.2d at 917.  Defendant fails to demonstrate that Plaintiff's Title VII and
8 constitutional claims arise from the same factual predicate, and therefore fails to establish
9 futility.

### B. Plaintiff Alleges Protected Property Interest In Employment

11   Closely related to whether Plaintiff has a viable due process claim is whether
12 Plaintiff has a protected property interest in her employment. *See Levine v. City of*
13 *Alameda*, 525 F.3d 903, 905 (9th Cir. 2008) (a protected property interest is necessary to
14 establish a due process violation).  Defendant argues that "Plaintiff cites no independent
15 source that would create a property interest in her employment with the Postal Service."
16 (Def.'s Resp. at 4.)  However, Defendant misconstrues his burden of proof regarding
17 motions to amend. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987)
18 ("The party opposing amendment bears the burden of showing prejudice."); *see*
19 *Richardson v. U.S.*, 841 F.2d 993, 999 (9th Cir. 1988) ("[T]here must be an affirmative
20 showing of either prejudice or bad faith.").

21   Plaintiff alleges she was subject to an Collective Bargaining Agreement (FAC ¶
22 25) and cites Ninth Circuit authority establishing that "just cause provisions in collective
23 bargaining agreements protect property interests in employment." (Pl.'s Reply at 4.)  The
24 Court finds that for the purposes of a motion to amend the complaint, Defendant has
25 made no showing of futility on this issue.

---

[3]Defendant's Response incorporates by reference lines 6 to 18 of page 4 of his Motion to Dismiss. (Def.'s Resp. at 4.) The Court will allow incorporation by reference pursuant to LRCiv 7.1(d)(2).

- 5 -

**C. Whether Plaintiff's Due Process Claim is Proper for Declaratory Relief**

The purpose of the Declaratory Judgment Act, 28 U.S.C. § 2201, is to allow litigants "earlier access to federal courts in order to spare potential defendants from the threat of impending litigation." *Seattle Audubon Soc. v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996) (per curiam). Pursuant to the Act, a federal court "may declare the rights and other legal relations" of parties "involv[ed in] an actual controversy that has not reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so." *Id.* The Act is also intended to "help potential defendants avoid a multiplicity of actions by affording an adequate, expedient, and inexpensive means for declaring in one action the rights and obligation of the litigants." *Id.*

The Supreme Court has held that 28 U.S.C. § 2201 "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Green v. Mansour*, 474 U.S. 64, 72 (1995) (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 239 (1952)); *Leadsinger, Inc. v. BMG Music Pub.,* 512 F.3d 522, 533 (9th Cir. 2008) ("[I]t is within a district court's discretion to dismiss an action for declaratory judgment."). The Supreme Court has stated that if a district court determines "that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

Plaintiff seeks a declaratory judgment pursuant to the Declaratory Judgment Act, in Counts III and IV of her proposed Second Amended Complaint, that Defendant violated her due process rights. (Pl.'s Mot. to Am. at 8.) Defendant argues that Plaintiff's claims are futile because Title VII provides exclusive remedies for discrimination of federal employees. (Def.'s Resp. at 4.) In response, Plaintiff argues that she is not "seek[ing] a declaration from the Court under the Act relating to discrimination. Rather, [Plaintiff] seeks a declaratory judgment that Defendant's action removing her without Due Process was unconstitutional." ( Pl.'s Reply at 3.)

- 6 -

1  Although Plaintiff may amend the Complaint to allege independent constitutional
2  claims alongside Title VII claims, the Court will not entertain Count III and IV as claims
3  made pursuant to the Declaratory Judgment Act.  Plaintiff's request for a declaration that
4  Plaintiff's due process rights have been violated is not a proper situation for a declaratory
5  judgment.  The Court's ruling *is* a "declaration" whether the Defendant violated the
6  Plaintiff's constitutional right and an additional "declaration" made pursuant to 28 U.S.C.
7  § 2201 would "serve no useful purpose."  *Wilton*, 515 U.S. at 288.  Therefore, the Court
8  dismisses Counts III and IV as for declaratory relief under the Declaratory Judgment Act,
9  but will allow Counts III and IV to proceed solely as constitutional claims.

### D. Withdrawal of Motion for Summary Judgment

11  Plaintiff also seeks to withdraw her Motion for Summary Judgment (Pl.'s Mot. to
12  Am. at 1.)  Defendant requests that the Court allow withdrawal "with prejudice."  (Def.'s
13  Resp. at 4.)  At this early stage of the proceedings, the Court will allow Plaintiff's
14  withdrawal of her Motion for Partial Summary Judgment with leave to refile at a later
15  date.

### CONCLUSION

17  Having considered Plaintiff's Motion for Leave to Amend Complaint, the Court
18  finds that the proposed Second Amended Complaint is not futile and grants leave to file
19  same.  As the Second Amended Complaint changes the nature of Counts III, IV, and V,
20  Defendant's Motion to Dismiss the First Amendment Complaint is denied as moot.
21  Defendant may answer or otherwise respond to the Second Amendment Complaint in
22  accordance with the Federal Rules of Civil Procedure.  *See also* LRCiv 15.1(c).
23  Accordingly,

24  **IT IS HEREBY ORDERED** granting Plaintiff's Motion for Leave to Amend and
25  Withdrawal Without Prejudice of Partial Summary Judgment Motion. (Dkt. 36.)
26  **IT IS FURTHER ORDERED** directing the Clerk of the Court to file Plaintiff's
27  Lodged Second Amended Complaint.  (Dkt. 37.)

**IT IS FURTHER ORDERED** denying Defendant's Motion to Dismiss (Dkt. 26) and Plaintiff's Motion for Summary Judgment (Dkt. 27) as moot.

**IT IS FURTHER ORDERED** dismissing Plaintiff's claims to the extent they are made under the Declaratory Judgment Act. (Dkt. 36.)

DATED this 24th day of June, 2008.

_____
Stephen M. McNamee
United States District Judge